23-8078-cv
*Stein v. Kohn*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand twenty-four.

PRESENT:
> AMALYA L. KEARSE,
> REENA RAGGI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

---

RAPHAEL STEIN, acting on behalf of his minor children J.S., Z.N., A.Z.,

*Petitioner-Appellant*,

v.                                                          23-8078

ADEENA KOHN,

*Respondent-Appellee*.[*]

---

[*] The Clerk of the Court is respectfully directed to amend the official caption as set forth above.

FOR PETITIONER-APPELLANT: RAPHAEL STEIN, *pro se*, Montreal, QC.

FOR RESPONDENT-APPELLEE: JEREMY D. MORLEY, Law Offices of Jeremy D. Morley, New York, NY.

Appeal from the November 20, 2023 order of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order is **AFFIRMED**.

Petitioner-Appellant Raphael Stein ("Stein") appeals *pro se* from the denial of his petition for the return of his three Canadian-born minor children to Montreal, Canada, pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11,670, 1343 U.N.T.S. 89, *reprinted in* 51 Fed. Reg. 10,494 (Mar. 26, 1986) (the "Convention"), and its implementing statute, the International Child Abduction Remedies Act, 22 U.S.C. § 9001 et seq. The petition alleged that the children's mother, Respondent-Appellee Adeena Kohn ("Kohn"), wrongfully retained the minors in Monsey, New York, after a trip to this country in 2020. Stein here faults the district court's findings, following a bench trial, that (1) his return petition was untimely filed more than a year after the alleged wrongful retention and (2) the children were "now settled" in Monsey. We assume the parties' familiarity with the underlying facts, the

2

procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review the district court's factfinding for clear error and its "application of the Convention to the facts" *de novo*. *Marks ex rel. SM v. Hochhauser*, 876 F.3d 416, 418 (2d Cir. 2017). The clear error standard is deferential, and we will "accept the trial court's findings unless we have a definite and firm conviction that a mistake has been committed." *Tereshchenko v. Karimi*, 102 F.4th 111, 124 (2d Cir. 2024) (quoting *Souratgar v. Lee*, 720 F.3d 96, 103 (2d Cir. 2013)). Because Stein appeals *pro se*, we construe his briefs liberally to raise the strongest arguments they suggest. *See Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

Stein primarily argues (as he did below) that Kohn's wrongful retention of the children occurred not in March or October 2021, but instead at some point in January 2022, when he realized that Kohn had changed the locks on her apartment. That distinction matters because, if credited, it would mean that Stein's December 2022 petition was timely and foreclose Kohn's defense that the children are "now settled" in this country, thereby requiring their return to Canada. *See* Convention, art. 12.

Retention of children is wrongful where "(a) it is in breach of rights of custody . . . under the law of the State in which the child was habitually resident immediately before the removal or retention; and (b) at the time of removal or retention those rights were

3

actually exercised [by the petitioner]." *Id.*, art. 3. In cases where the petitioning parent originally consented to the child's stay outside its habitual residence, wrongful retention occurs on the date that the petitioning parent is informed that the co-parent will not be returning the child to its country of habitual residence. *See Marks*, 876 F.3d at 421–22.

We identify no error in the district court's finding that wrongful retention of the children here occurred on March 6, 2021, or, at the latest, on October 4, 2021. On March 5, 2021, Stein told Kohn that he did not agree with the children staying in New York permanently, and that he wanted the family to resume living in Canada as soon as possible. The next day, Kohn responded that the parents were not on the same page and that she would not return to Montreal. Because the parties agreed that Kohn would not live apart from the children, the district court reasonably found that "Stein understood Kohn would keep the children with her wherever she was living." Special App'x 32.

Alternatively, Kohn's October 4, 2021 divorce filing—wherein she sought custody of the children—clearly alerted Stein to her intent to remain in New York with the children. *See Hofmann v. Sender*, 716 F.3d 282, 291 (2d Cir. 2013). Either way, the wrongful retention occurred more than a year before Stein filed his petition on December 19, 2022, meaning the "now settled" defense was available to Kohn.

Article 12 of the Convention requires the district court to grant even an untimely petition for the return of the child to its habitual residence, "unless it is demonstrated that

4

the child is now settled in its new environment." Convention, art. 12. The respondent bears the burden of proving this "now settled" defense by a preponderance of the evidence. *See* 22 U.S.C. § 9003(e)(2)(B).

In determining whether a respondent carried this burden, a district court properly considers whether "the child has significant emotional and physical connections demonstrating security, stability, and permanence in its new environment," *Lozano v. Alvarez*, 697 F.3d 41, 56 (2d Cir. 2012), an inquiry informed by the following nonexhaustive factors:

> (1) the age of the child; (2) the stability of the child's residence in the new environment; (3) whether the child attends school or day care consistently; (4) whether the child attends church [or participates in other community or extracurricular school activities] regularly; (5) the respondent's employment and financial stability; (6) whether the child has friends and relatives in the new area; and (7) the immigration status of the child and the respondent.

*Id.* at 57 (alterations in original) (internal quotation marks omitted).

Here, the district court carefully evaluated each factor. Viewing the record as a whole, we identify no clear error in its factual findings. The children—who at the time of trial were seven, five, and three—had "lived in Monsey for at least half their lives," with the youngest having "lived in Monsey nearly her entire life." Special App'x 38. Thus, the district court reasonably found that, "most, if not all," of the two elder children's "memories are likely of Monsey, not Montreal." *Id.* The district court further

5

found the children to have lived continuously in the same apartment complex for the whole of their time in Monsey, surrounded by their maternal grandparents, "great grandmother, aunts, and several of the children's cousins." *Id.* at 39. Also, each child had consistently attended daycare and school in Monsey, and regularly joined Kohn's extended family at their local synagogue. The children frequently played with local friends and cousins. Nor was there any risk of deportation given that "Kohn is [a] U.S. citizen, and at least the two older children [already] have U.S. passports." *Id.* at 41.

The only factor weighing against settlement is Kohn's failure to maintain stable employment in New York. The district court was not required to accord this factor great weight because Kohn has the support of her family, and the children have enjoyed a stable environment throughout their time in Monsey. Accordingly, the district court did not err in finding Kohn to have demonstrated that the children are now settled in New York.[1]

*    *    *

---

[1] As the district court acknowledged, this is not to deny the children's continuing ties to Montreal. But the question before the district court was whether the children had nevertheless "become so settled in a new environment that repatriation might not be in [their] best interest." *Lozano*, 697 F.3d at 53 (internal quotation marks omitted). The district court did not err in answering that question "yes."

We have considered Stein's remaining arguments and conclude that they are without merit.  Accordingly, we **AFFIRM** the decision of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7